FILED

JUN 29 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE: NORTHERN DIVISION

| | |
|---|---|
| DARREN LIGHT,<br><br>       Plaintiff,<br>vs.<br>EQUIFAX INFORMATION SERVICES, LLC<br>and O R N L FEDERAL CREDIT UNION,<br>       Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Darren Light ("Plaintiff") brings this action against defendants Equifax Information Services, LLC ("Equifax") and O R N L Federal Credit Union (the "Credit Union"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2. Defendants Equifax has been selling consumer background reports (commonly called "credit reports") containing inaccurate account balance and status information on Plaintiff's Credit Union account. Specifically, although the account was closed with a $0 balance, Defendants continued to report that Plaintiff had a monthly payment obligation of $344. This reporting was materially misleading because it created the misleading impression that Plaintiff had a continuing monthly payment obligation, and that her disposable monthly income was less than it really was. Although Plaintiff disputed the reporting in writing, Defendants failed to investigate Plaintiff's claims and failed to remove the misleading information. Plaintiff was later denied an extension of credit based on information contained in his Equifax credit reports. Accordingly,

- 1 -

Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and expenses.

## JURISDICTION AND VENUE

3. The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff resides Anderson County, Tennessee, and qualifies as a "consumer" under 15 U.S.C. § 1681a(c). Plaintiff is an individual, not an entity.

6. Defendant Equifax is a foreign corporation that regularly conducts business in this judicial district. Equifax qualifies as a "consumer reporting agency" under the FCRA.

7. Defendant Credit Union is a Tennessee corporation headquartered in Oak ridge, Tennessee. Credit Union qualifies as a "furnisher" of credit information under the FCRA.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

8. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) "The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

9. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies.

10. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

11. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

12. Plaintiff has a legally protected interest in CRA Defendants fulfilling their respective duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

13. The FRCA imposes similar obligations on furnishers of credit information. After receiving notice of a consumer's dispute from a credit bureau that information was inaccurate,

furnishers are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, furnishers are obligated to remove any inaccurate information.

14. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information. At a minimum, furnishers and CRAs are required to mark the status of the tradelines/accounts as disputed on the consumer's background reports.

**Defendants Violated the FCRA By Reporting Inaccurate Information on Plaintiff's Credit Reports, and Subsequently Failed to Investigate and Correct the Inaccurate Information**

15. Equifax sold credit reports containing inaccurate payment status information on Plaintiff's Credit Union account.

16. Specifically, although the account was closed with a $0 balance, Defendants reported that the Plaintiff had a continuing monthly payment obligation of $344.

17. This reporting was materially misleading because it created the misleading impression that Plaintiff had a continuing monthly payment obligation, and that his disposable monthly income was less than it really was.

18. On February 4, 2020, Plaintiff sent a letter to Equifax requesting the removal of the inaccurate monthly payment obligation. It is reasonable to infer that Equifax notified Credit Union of the dispute, as required by federal statute.

19. The receipt of Plaintiff's dispute triggered an obligation for Defendants to conduct an investigation, mark the accounts as disputed, and correct the misleading reporting. Defendants were required to comply with these statutory requirements within 30-45 days.

20. Defendants failed to comply with these duties. Instead, by letter dated February 19, 2020, Equifax responded to Plaintiff's dispute claiming that it would not make any changes to Plaintiff's credit report.

21. The letter justified Equifax's refusal to take action by claiming that Equifax was reporting the Credit Union account.

22. That was false. As of March 26, 2020, Equifax was still reporting that an inaccurate scheduled monthly payment on Plaintiff's Credit Union account.

23. Plaintiff was later denied an extension of credit based on information contained in his Equifax report.

24. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to access and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of erroneous credit reports.

**Equifax failed to maintain adequate policies and procedures**

25. Equifax systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports they published.

26. Upon receiving Plaintiff's disputes, Equifax was legally required, but failed, to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

27. Accordingly, Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

### Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

28. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

29. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.
>
> 15 U.S.C. §1681e(b) (emphasis added).

30. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> ...if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added)

31. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> *Before the expiration of the 5-business-day period* beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

32. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, failed to mark the accounts as disputed, and/or failed to remove the inaccurate information.

33. Equifax's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

34. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against the Credit Union for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

35. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

36. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) conduct an investigation with respect to disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]

(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b).

37.   Credit Union failed to conduct timely and reasonable investigations into the veracity of its reporting after receiving notice of Plaintiff's disputes from CRA Defendants.

38.   Moreover, instead of removing the inaccurate reporting, Credit Union improperly verified that the information being reported was accurate.

39.   Credit Union's misconduct was a direct and proximate cause of the damages suffered by Plaintiff. As a result of their misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

40.   Accordingly, Plaintiff is entitled to statutory, actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A.   awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B.   awarding attorneys' fees and costs, and other relief; and

C.   awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 22, 2020          **COHEN & MIZRAHI LLP**

*/s/ Edward Y. Kroub*
EDWARD Y. KROUB

EDWARD Y. KROUB (*pro hac vice pending*)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
edward@cml.legal

*Attorneys for Plaintiff*

- 9 -